FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 07-1456-CEC |
|---|---|
| **PLAINTIFF(S)**<br>Gus Benjumen | **DEFENDANT(S)**<br>AES/Charter Bank; AES/Key Corp. Trust; AES/NCT; Bank of Boston; City College of New York/City University of New York; United States Department of ⊞ |
| **ATTORNEY(S)** (Firm Name, Address, and Telephone No.)<br>Pro Se | **ATTORNEY(S)** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Trustee ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Trustee ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Seeks from the Court relief to determine the dischargeability of certain student loans under 11 U.S.C. 523(a)(8) in core proceedings.

## NATURE OF SUIT

(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
continued next column

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☑ 1 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce/sep property settlement/decree
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq.
☐ 02 - Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Gus Benjumen | BANKRUPTCY CASE NO.<br>**1-07-40288-cec** |

| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of New York | DIVISIONAL OFFICE<br>Bankcruptcy | NAME OF JUDGE<br>Carla E. Craig |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*/s/ Gus Benjumen/*

| DATE<br>August 13, 2007 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gus Benjumen   Pro Se |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

07-40288-CEC
07-1456-CEC



U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2007 AUG 13 A 10:15

RECEIVED

Complaint

1  My name is Gus Benjumen (debtor), residing at 1070 Oceanview Avenue, Apartment G, in the county of Kings (Brooklyn), in the city of New York, state of New York, with postal code 11235-5428.

2  This complaint raises against creditors and/or collection agencies listed on paragraphs (5);(6);(7);(8);(9);(10);(11).

3  Debtor's bankruptcy chapter 7 case (1-07-40288-cec), discharged 24 April of 2007 and filed with the United States BankcruptcyCourt, Eastern District of New York, 19 of January of 2007, listed on Schedule F these creditors and/or collection agencies.

4  Debtor cannot longer satisfy obligations impose after bankruptcy without severe undue hardship.

5  AES/Chartrbk--PO Box 2461, Harrisburg, PA 17105.

6  AES/Key Corp. Trust--PO Box 2461, Harrisburg, PA 17105.

7  AES/NCT--1200 N 7th St., Harrisburg, PA 17102.

8  Bank of Boston--PO Box 2461, Harrisburg, PA 17105.

9  City College of New York/City University of New York--Convent Avenue & 138th St., New York, NY 10031.

10  United States Department of Education--501 Bleecker St., Utica, NY 13501.

11  Wells Fargo--PO Box 5156, Sioux, SD 57117.

12  Debtor of paragraph (1) cannot longer satisfy these obligations with the above named creditors and/or agencies; for these obligations if paid would imposed on debtor and his family severe undue hardship, therefore:

Debtor seeks relief from this court to determine the dischargeability of these debts under 11 U.S.C.523(a)(8) of Core Proceedings in Jury Trial.

Respectfully,

Gus Benjumen   PRO SE                                August 13, 2007

*Gus Benjumen*